**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
: 
STRIKE 3 HOLDINGS, LLC,                             :
                                                   :    Case No. 7:26-cv-04135-PMH
                              Plaintiff,            :
                                                   :
              vs.                                   :
                                                   :
JOHN DOE subscriber assigned IP address            :
173.3.236.43,                                       :
                                                   :
                              Defendant.            :
-----------------------------------------------------------------X

### ORDER ON MOTION FOR LEAVE TO SERVE
### THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (the "Motion"), and the Court being duly advised in the premises does hereby:

**FIND, ORDER AND ADJUDGE:**

1.    Plaintiff established that "good cause" exists for it to serve a third party subpoena on Optimum Fiber (hereinafter the "ISP"). *See Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) (citing *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)); *Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839 (S.D.N.Y. 2013) (same); *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012) (same).

2.    Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth in the Complaint.  Plaintiff shall attach to any such subpoena a copy of this Order.

1

3.      Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any

service provider that is identified in response to a subpoena as a provider of Internet services to

one of the Defendants.

1.      If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which

states:

> the term "cable operator" means any person or group of persons
>
> (A)   who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B)   who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

2.      Plaintiff may only use the information disclosed in response to a Rule 45

subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set

forth in its Complaint.

**DONE AND ORDERED**  this 10th day of ____June____, 2026.

By: _____
    **UNITED STATES DISTRICT JUDGE**
    Philip M. Halpern

2